09-3038-ag
Vushaj v. Attorney General

BIA
Abrams, IJ
A094 927 369

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand ten.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

_____

VILSON VUSHAJ,
> _____*Petitioner*,

> v.                                        09-3038-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent*.

_____

FOR PETITIONER:          Sam Gjoni, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Aviva L. Poczter, Senior
                         Litigation Counsel; Nehal H. Kamani,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Vilson Vushaj-Cekoj, a native and citizen of Albania, seeks review of a July 7, 2009, order of the BIA affirming the November 15, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vilson Vushaj-Cekoj,* No. A094 927 369 (B.I.A. July 7, 2009), *aff'g* No. A094 927 369 (Immig. Ct. N.Y. City Nov. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000) ("We

reverse [the BIA] only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden.").

We need not decide whether the agency erred in finding that petitioner failed to establish past persecution based on his allegations of a brief detention and relatively minor beating for his support of the Democratic Party before the 2005 election, along with anonymous letters directing him to leave the party. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2009) ("The BIA must . . . be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."); *but see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) ("[P]ersecution does not encompass mere harassment."); *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that "[t]his Court, and others, previously have rejected . . . claims involving 'unfulfilled' threats" as constituting past persecution). Given the changed country conditions alluded to by the agency – that the Democratic

3

Party, with which petitioner was affiliated, won the election in 2005 and has been in power ever since – the agency reasonably determined that petitioner failed to establish a well-founded fear of future persecution. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006) (noting that while petitioner "may have a subjective fear of future persecution based on his Democratic Party affiliation . . . the IJ's perfunctory finding of changed conditions in Albania is adequate."); *see also Latifi v. Gonzales*, 430 F.3d 103, 106 n.1 (2d Cir. 2005) ("[W]e take judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005].").

Petitioner's claim for asylum accordingly fails, and Petitioner does not challenge the agency's denial of his application for withholding of removal or CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

4

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

_____